# EXHIBIT A-1

# 2014 DRRP

# DISPUTE RESOLUTION RULES AND PROCEDURES

**Last Revised**
**December 31, 2014**

## CARMAX DISPUTE RESOLUTION RULES AND PROCEDURES

### Rule 1: PURPOSE

CarMax has established an employment dispute resolution procedure, culminating in formal arbitration that is designed to provide a fair, private, exclusive, expeditious, final, and binding means for resolving legal disputes rising out of, or relating to, employment with CarMax, without the need for litigation in federal, state or local courts. These Dispute Resolution Rules and Procedures govern arbitrations held pursuant to the CarMax Dispute Resolution Agreement, whether brought by an Associate or by CarMax. The term "Associate" includes applicants, employees, and former employees. These Dispute Resolution Rules and Procedures are written to guide an Associate through the arbitration process; however, they apply with full force and effect to both Associates and CarMax.

### Rule 2: CLAIMS SUBJECT TO ARBITRATION

Except as otherwise limited herein, any and all employment-related legal disputes, controversies or claims arising out of, or relating to, an Associate's application or candidacy for employment, employment or cessation of employment with CarMax or one of its affiliates shall be settled exclusively by final and binding arbitration before a neutral third-party Arbitrator selected in accordance with these Dispute Resolution Rules and Procedures. Arbitration shall apply to any and all such disputes, controversies, or claims whether asserted against the Company and/or against any employee, officer, alleged agent, director, or affiliate company.

All previously unasserted claims arising under federal, state or local statutory, or common law, shall be subject to arbitration. Merely by way of example, these claims include, but are not limited to, claims arising under the Age Discrimination in Employment Act (ADEA), Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, the Americans with Disabilities Act (ADA), the Fair Labor Standards Act (FLSA), 42 U.S.C. § 1981, as amended, the Employee Polygraph Protection Act, the Employee Retirement Income Security Act (ERISA), state discrimination statutes, state statutes and/or common law regulating employment termination, the law of contract or the law of tort; including, but not limited to, claims for malicious prosecution, wrongful discharge, wrongful arrest/wrongful imprisonment, and intentional/negligent infliction of emotional distress or defamation.

Nothing herein is intended to affect or limit the Associate's right to file an administrative charge with or to otherwise seek relief from, any government agency such as the Equal Employment Opportunity Commission or the National Labor Relations Board.

Claims by Associates for state employment insurance benefits (e.g., unemployment compensation, workers' compensation, worker disability compensation) claims arising under the National Labor Relations Act, or any claims or disputes by whistleblowers arising pursuant to the Sarbanes-Oxley Act and alleging unlawful retaliation or seeking other relief pursuant to that Act, shall not be subject to arbitration. Other statutory or common law claims alleging that CarMax retaliated or discriminated against an Associate, however, shall be subject to arbitration.

For purposes of this Rule, claims against "CarMax" shall include claims against any parent company, subsidiary, or related company, claims against any officer, director, or associate (current or former), and claims against any alleged joint employer.

### Rule 3: DISMISSAL/STAY OF COURT PROCEEDINGS

By agreeing to the Dispute Resolution Program, both CarMax and the Associate agree to resolve through arbitration all claims described in, or contemplated by Rule 2. If either Party files a lawsuit in court to resolve claims subject to arbitration, both Parties agree that the Court shall dismiss the lawsuit and require the Parties to arbitrate the dispute.

If either Party files a lawsuit in Court involving claims which are, and other claims with are not, subject to arbitration, both Parties agree that the court shall stay litigation of the nonarbitrable claims and require that arbitration take place with respect to those claims subject to arbitration. The Parties further agree that the Arbitrator's decision on the arbitrable claims, including any determinations as to disputed factual or legal issues, shall be entitled to full force and effect in any later court lawsuit on any nonarbitrable claims.

### Rule 4: COMMENCEMENT OF ARBITRATION

a. PROCEDURE

An Associate shall commence an arbitration by completing and sending the attached CarMax Arbitration Request to:

Arbitration Coordinator
CarMax Auto Superstores, Inc.
12800 Tuckahoe Creek Parkway
Richmond, VA 23238

b. TIME LIMITS

i. FILING OF REQUEST FOR ARBITRATION

The CarMax Arbitration Request Form shall be submitted no later than the applicable statute of limitations for the asserted claims under the applicable law. The failure of an Associate to initiate an arbitration within the applicable statute of limitations shall constitute a waiver with respect to that dispute relative to that Associate.

ii. CARMAX'S RESPONSE

Within twenty-one (21) calendar days of receipt of an Associate's Arbitration Request Form, the Company shall send the Company's Response to the Associate via first-class mail, postage prepaid, or hand delivery.

c. NOTICE/OTHER FILINGS

All other communications, notices or filings, including discovery requests and responses, shall be in writing, and shall be deemed to have been given if (i) delivered by hand to a person of suitable age and discretion; or (ii) mailed first-class mail, postage prepaid, as follows:

If to CarMax:
    i. Arbitration Coordinator
    CarMax Auto Superstores, Inc.
    12800 Tuckahoe Creek Parkway
    Richmond, VA 23238; or

    ii. to the Company's attorney as designated in writing by the Company.

If to the Associate:
    iii. to the Associate's address of record as it appears on the Arbitration Request Form; or

    iv. to the Associate's attorney as designated in the Arbitration Request Form or later designated in writing by the Associate.

**Rule 5: SELECTION OF AN ARBITRATOR**
CarMax and the Associate shall participate equally in the selection of an Arbitrator to decide the arbitration. Within twenty-one (21) calendar days after the Company receives the Associate's Arbitration Request Form, National Arbitration and Mediation (NAM) or other Arbitration Service, such as the American Arbitration Association, as may be agreed to by the Parties, shall be asked to provide a panel of seven (7) neutral arbitrators with experience deciding employment disputes. If the Company and the Associate cannot agree upon an Arbitration Service, then either NAM or AAA shall be used, with the final selection being determined by coin toss performed by the Company. Once an Arbitration Service is selected, the Company and the Associate then shall have the opportunity to review the background of the arbitrators by examining the materials provided by the Arbitration Service. Within seven (7) calendar days after the panel composition is received, the Associate and the Company each shall inform the Arbitration Service which arbitrators the Parties find unacceptable for deciding the dispute. The Arbitration Service then will appoint an Arbitrator from among the named individuals the Parties found acceptable. If all arbitrators on the first panel furnished by the Arbitration Service are stricken by the Parties as unacceptable for deciding the dispute, the Arbitration Service is authorized to furnish an additional panel, from which each party may strike up to three (3) arbitrators. The Parties must provide their responses to the additional panel within seven (7) calendar days to the Arbitration Service after the additional panel composition is received. The Arbitration Service will then appoint an arbitrator from the remaining names.

**Rule 6: PRE-HEARING PROCEDURES; TIME AND PLACE OF ARBITRATION**
a. Following appointment of the Arbitrator, the Arbitrator shall promptly hold an initial pre-hearing conference with the parties. The purpose of the initial pre-hearing conference shall be, among other things, for the Arbitrator to set deadlines for: (1) adding or amending claims and/or parties to the arbitration, (2) any dispositive motions, opposition briefs, and reply briefs thereto, and (3) the date of any motion hearings, and the timing of the Arbitrator's ruling on any dispositive motions. Following the initial pre-hearing conference, the Arbitrator shall promptly issue a Scheduling Order to the parties setting the deadlines above, as well as any other deadlines required by these Dispute Resolution Rules and Procedures or the Arbitrator. The parties may mutually consent to amend the Scheduling Order, subject to approval by the Arbitrator. If the parties do not mutually consent to amend the Scheduling Order, upon the request of any Party and a showing of **good cause**, the Arbitrator may permit amendment to the Scheduling Order. In ruling on a request to

amend the Scheduling Order for good cause, the Arbitrator shall be guided by the Federal Rules of Civil Procedure.

b. The arbitration hearing shall be held at the offices of, or a location selected by, the Arbitration Service in the city nearest the location where the Associate was or sought to be employed with the Company, unless the Parties agree otherwise. If the Arbitration Service does not select an arbitration location within fifty (50) miles of the city of the Associate's last employment with the Company, the Associate and the Company shall designate a mutually amenable location at which to hold the arbitration.

The Parties and the Arbitrator shall make every effort to ensure that the arbitration is completed, and an award rendered, as soon as possible. There shall be no extensions of time or delays of an arbitration hearing except in cases where both Parties consent to the extension or delay, or where the Arbitrator finds such a delay or extension necessary to resolve a discovery dispute or other matter relevant to the arbitration.

**Rule 7: REPRESENTATION**
Both the Associate and the Company shall have the right to be represented by counsel.

**Rule 8: DISCOVERY**
a. INITIAL DISCLOSURE
Within fourteen (14) calendar days following the appointment of an Arbitrator, the Parties shall provide each other with copies of all documents (except for privileged documents that are protected from disclosure because they involve attorney-client, doctor-patient or other legally privileged or protected communications or materials) upon which they rely in support of their claims or defenses. Throughout the discovery phase, each Party is under a continuing obligation to supplement its initial disclosure. Upon request, the Associate shall be entitled to a copy of all documents (except privileged documents as described above) in the Associate's "PERSONNEL RECORDS FILE."

b. OTHER DISCOVERY
i. INTERROGATORIES/DOCUMENT REQUESTS
Each Party may propound up to twenty (20) interrogatories (including subparts) to the opposing Party. Interrogatories are written questions asked by one Party to the other, who must answer under oath. Such interrogatories may include a request for all documents upon which the responding Party relies in support of its answers to the interrogatories. Answers to interrogatories must be served within twenty-one (21) calendar days of receipt of the interrogatories.

ii. DEPOSITIONS
A deposition is a statement under oath that is given by one Party in response to specific questions from the other Party and usually is recorded or transcribed. Each Party shall be entitled to take the deposition of up to three (3) individuals of the Party's choosing. The Party taking the deposition shall be responsible for all costs associated therewith, such as the cost of a court reporter and the cost of a transcript.

### iii. ADDITIONAL DISCOVERY

Upon the request of any Party and a showing of **good cause**, the Arbitrator may permit additional discovery; but only if the Arbitrator finds that such additional discovery is not overly burdensome, and will not unduly delay conclusion of the arbitration.

### c. DISCOVERY DISPUTES

The Arbitrator shall decide all disputes related to discovery. Such decisions shall be final and binding on the Parties. In ruling on discovery disputes, the Arbitrator shall be guided by the discovery rules contained in the Federal Rules of Civil Procedure.

### d. TIME FOR COMPLETION OF DISCOVERY

All discovery must be completed within the ninety (90) calendar days after the selection of the Arbitrator, except for good cause shown or by mutual consent of the parties, subject to approval by the Arbitrator. In order to expedite the arbitration, the Parties may initiate discovery prior to the appointment of the Arbitrator.

### Rule 9: HEARING PROCEDURE

### a. WITNESSES

Witnesses shall testify under oath, and the Arbitrator shall afford each Party a sufficient opportunity to examine its own witnesses and cross-examine witnesses of the other Party. Either Party may issue subpoenas compelling the attendance of any person necessary for the issuing Party to prove its case.

### i. SUBPOENAS

A subpoena is a command to an individual to appear at a certain place and time in order to provide testimony. A subpoena also may require that the individual bring documents when he or she gives testimony. The Arbitrator shall have the authority to enforce and/or cancel such subpoenas provided that such subpoenas are issued no less than ten (10) calendar days prior to the commencement of an arbitration hearing or deposition. The Party issuing the subpoena shall be responsible for the fees and expenses associated with the issuance and enforcement of the subpoena, and with the attendance of the subpoenaed witness at the arbitration hearing.

### ii. SEQUESTRATION

The Arbitrator shall ensure that all witnesses who will testify at the arbitration are not influenced by the testimony of other witnesses. Accordingly, the Arbitrator may sequester all witnesses who will testify at the arbitration, provided that the Arbitrator shall permit the Associate bringing the arbitration and the Company's designated representative to remain throughout the arbitration, even though they may or may not testify at the hearing.

### b. EVIDENCE

The Parties may offer evidence that is relevant and material to the dispute and shall produce any and all nonprivileged evidence which the Arbitrator deems necessary to render a determination of the dispute. The Arbitrator need not specifically follow the Federal Rules of Evidence, although these rules may be consulted to resolve questions regarding the admissibility of particular matters.

c. BURDEN OF PROOF

For the Associate to prevail, the Associate must prove that the Company's conduct with respect to the Associate was a **violation of applicable law.** For the Company to prevail on any claims asserted against an Associate, the Company must prove that the Associate's conduct was a **violation of applicable law.**

d. BRIEFING

Each Party shall have the opportunity to submit one pre-hearing brief and one post-hearing brief, which is a written statement of facts and law, in support of its position. Briefs shall be typed and shall be limited in length to twenty (20) double-spaced pages.

Pre-hearing briefs may be submitted no later than ten (10) calendar days prior to a scheduled arbitration hearing. Post-hearing briefs may be submitted no later than twenty (20) calendar days after the Parties receive the transcript of the arbitration from the court reporting service.

e. TRANSCRIPTION

The Parties may arrange for transcription of the arbitration by a certified reporter. The Parties shall share evenly the costs of the reporter and transcription.

f. CONSOLIDATION

i. CLAIMS

CarMax and the Associate are required to bring all existing claims subject to arbitration in one arbitration proceeding. Any such claims not brought in one arbitration shall be waived and precluded. The Arbitrator shall have the power to hear as many claims as an Associate and CarMax may have against each other consistent with Rule 2 of these Dispute Resolution Rules and Procedures.

ii. PARTIES

The Arbitrator shall not consolidate claims of different Associates into one proceeding, nor shall the Arbitrator have the power to hear an arbitration as a class action, collective action, or representative action. (A class action involves an arbitration or lawsuit where representative members of a large group who claim to share a common interest seek collective relief).

g. CONFIDENTIALITY

All aspects of an arbitration pursuant to these Dispute Resolution Rules and Procedures, including the hearing and record of the proceeding, shall be confidential and shall not be open to the public, except (i) to the extent both Parties agree otherwise in writing; (ii) as may be appropriate in any subsequent proceeding between the Parties, or (iii) as may otherwise be appropriate in response to a governmental agency or legal process. All settlement negotiations, mediations, and the results thereof shall be confidential. Nothing in this section shall be construed to restrict the right of an attorney to practice law.

**Rule 10: SUBSTANTIVE CHOICE OF LAW**

The Arbitrator shall apply the substantive law of the State in which the Associate is, was or sought to be predominantly employed. For claims arising under federal law, the Arbitrator shall follow the substantive law applicable to the United States District Court for the district in which the Associate is or was predominantly employed.

**Rule 11: ARBITRATOR AUTHORITY**

The Arbitrator shall conduct the arbitration and shall have the authority to render a decision in accordance with these Dispute Resolution Rules and Procedures, and in a manner designed to promote rapid and fair resolution of disputes. To that end, the Arbitrator shall have the authority to consider and rule on dispositive motions such as motions to dismiss or motions for summary judgment in accordance with the standards and burdens generally applicable to such motions in federal district court and may establish appropriate procedures to resolve such motions, at the Arbitrator's discretion, consistent with the less formal and expedited nature of arbitration proceedings. Seven (7) days prior to the scheduled arbitration hearing, the Parties shall participate in a telephone conference with the Arbitrator. Where a Party has challenged the legal sufficiency of an asserted claim or defense in a pre-hearing brief, each Party may be heard. A Party making such a challenge should file the pre-hearing brief as early as possible to permit due consideration of the issue. The Arbitrator shall strike any legally deficient claim and/or defense by ruling communicated to the Parties pursuant to the deadline set by the Scheduling Order for ruling on any dispositive motions.

**a. JURISDICTION**

The Arbitrator's authority shall be limited to deciding the claims, counterclaims, and defenses submitted for arbitration. Unless the Associate is subject to a contract providing for the employment of the Associate under specified terms or for a given duration, the Associate's employment remains alterable at the discretion of the Company and/or terminable at any time, at the will of either the Associate or the Company, with or without just cause. Accordingly, the Arbitrator shall have no authority to require that CarMax have "just cause" to discipline or to discharge an Associate or to change the terms and conditions of employment of an Associate, unless specifically required by federal, state or local law, or as a remedy for a violation of applicable law by the Company with respect to the Associate.

**b. SANCTIONS**

The Arbitrator shall have the power to award sanctions against a Party for the Party's failure to comply with these Dispute Resolution Rules and Procedures or with an order of the Arbitrator. These sanctions may include assessment of costs, prohibitions of evidence, or, if justified by a Party's wanton or willful disregard of these Dispute Resolution Rules and Procedures, an adverse ruling in the arbitration against the Party who has failed to comply.

**Rule 12: AWARD**

Within twenty-one (21) calendar days after receipt of any post-hearing briefs, the Arbitrator shall render a decision in the form of a written award and mail to the parties a copy of the written award specifying appropriate remedies, if any. In the Arbitrator's discretion, the award may include findings of fact and conclusions of law.

The Parties to an arbitration shall be provided with a copy of the Arbitrator's award. Other Associates who have agreed to arbitration may request copies of the arbitration decisions in a given case. In cases where an arbitration decision is provided to an Associate who was not a Party to the particular arbitration, the Party-Associate's name shall be deleted from the arbitration decision unless the Party-Associate agrees otherwise in writing.

**Rule 13: FEES AND EXPENSES**
a. COSTS OTHER THAN ATTORNEY FEES
   i. Definitions
   Costs of arbitration include filing or administrative fees charged by the Arbitration Service, hourly fees charged by the Arbitrator, and expenses of renting a room in which the arbitration is held. Incidental costs include such items as photocopying or the costs of producing witnesses or proof.

   ii. Costs of Arbitration
   CarMax shall pay the costs of arbitration, excluding incidental costs. Costs related to preparation of the hearing transcript, if any, shall be subject to the provisions of Rule 9(e) above.

b. ATTORNEY FEES
The Arbitrator is authorized to award attorney fees in accordance with applicable law. In the absence of an award, each Party shall be liable for its own attorney fees. Any award shall be reasonable in light of the amount and complexity of work involved in the arbitration, and in accordance with customary billing rates of attorneys in the geographic area in which the arbitration is held.

**Rule 14: REMEDIES AND DAMAGES**
If the Arbitrator finds for the Associate, the Arbitrator, in his discretion, may award appropriate relief in accordance with applicable law. If appropriate relief includes reinstatement, such reinstatement will be to the position of employment the Associate held or, if such reinstatement is impractical, to a comparable position at the location of the Associate's last employment. If reinstatement at the place of the Associate's last employment is not practical, reinstatement will be to a comparable position at CarMax in the same general geographic market area.

**Rule 15: SETTLEMENT**
The Parties may settle their dispute at any time. Prior to closure of the arbitration hearing, the Parties may settle the case without involvement of the Arbitrator. Once the hearing has closed, settlement may take place only with the approval of the Arbitrator.

At any point prior to the Arbitrator's issuance of an award, the Parties may, by agreement, refer their dispute to mediation before a mediator provided by the Arbitration Service.

**Rule 16: ENFORCEABILITY**
The Dispute Resolution Agreement and any award rendered pursuant to it shall be enforceable and subject to the Federal Arbitration Act, 9 U.S.C. § 1, et seq., and the Uniform Arbitration Act of Virginia, §§8.01-581.01 et seq., regardless of the State in which the arbitration is held or the substantive law applied in the arbitration. The Associate and the Company acknowledge that the Associate's employment with the Company and the Dispute Resolution Agreement involve interstate commerce and that the Federal Arbitration Act is controlling.

**Rule 17: APPEAL RIGHTS**
The award rendered by the Arbitrator shall be final and binding as to both the Associate and the Company. Either party may appeal the Arbitrator's decision to a court in accordance with the appeal procedures of the Federal Arbitration Act, 9 U.S.C. § 1 et seq., or the Uniform Arbitration Act of Virginia, §§8.01-581.01 et seq.

**Rule 18: SEVERABILITY/CONFLICT WITH LAW**

In the event that any of these Dispute Resolution Rules and Procedures agreed upon by the Parties is held to be in conflict with a mandatory provision of applicable law, the conflicting Rule or Procedure shall be modified automatically to comply with the mandatory provision of applicable law until such point as these Dispute Resolution Rules and Procedures may be modified in accordance with Rule 19 below. In the event of an automatic modification with respect to a particular Rule or Procedure, the remainder of these Rules and Procedures shall not be affected. An automatic modification of one of these Rules or Procedures shall be applicable only in the jurisdiction in which it is in conflict with a mandatory provision of law. In all other jurisdictions, these Dispute Resolution Rules and Procedures shall apply in full force and effect.

**Rule 19: TERMINATION OR MODIFICATION OF DISPUTE RESOLUTION AGREEMENT OR DISPUTE RESOLUTION RULES AND PROCEDURES**

CarMax may modify or terminate the Agreement and these Dispute Resolution Rules and Procedures on December 31 of any year upon giving thirty (30) calendar days written notice to Associates, provided that all claims accrued or arising before modification or termination shall be subject to the Agreement and corresponding Dispute Resolution Rules and Procedures in effect at the time said claims accrued or arose. Otherwise, all claims shall be subject to the Rules in effect at the time the Arbitration Request Form is received by the Company. Notice may be given by posting a written notice by December 1 of each year at all CarMax locations (including locations of affiliated companies). A copy of the modified Agreement or Dispute Resolution Rules and Procedures will be published and available in the CarMax Dispute Resolution Handbook (which is available on the CarMax Way intranet system) and through the CarMax Online Employment Application after December 31 of each year.

- CONFIDENTIAL -  **CARMAX**®  - CONFIDENTIAL -

# ARBITRATION REQUEST FORM

(Please Print or Type)

Name: _____

Telephone: _____

Address of Record: _____
            Street                         City

            State                        Zip

Position: _____  Status (full or part time): _____

Date of Hire: _____  Date of Incident: _____

Store/Place of Employment: _____

Please state the dispute you wish to have decided by an Arbitrator. Please explain why you believe the Company's actions were unlawful and state the basis for your claim (e.g., discrimination on the basis of sex, race, religion, national origin, etc., retaliation for filing of workers' compensation claims or other.)

_____

_____

_____

_____

(Please attach additional sheets if necessary.)

Please list the names of any witnesses to the Company's alleged unlawful action.

_____

_____

_____

_____

Please state how you would like your dispute with CarMax resolved.

_____

_____

_____

_____

_____

_____

_____

_____

(Please attach additional sheets if necessary)

If you will be represented by an attorney, please identify that person below.

Name of Representative: _____

Address: _____

Telephone: _____

I hereby submit the above-described dispute for arbitration. I agree to accept the decision and award of the Arbitrator as final and binding as to all claims relating to my employment relationship with CarMax or its affiliate which have been or could have been raised under my Arbitration Agreement with CarMax. I understand that unless the Arbitrator rules otherwise, I will be responsible for the fees of my own attorney should I retain one and for all of my incidental costs, as set forth in Rule 13 of the CarMax Dispute Resolution Rules and Procedures.

SIGNED:

Associate: _____     Date: _____

Associate's Attorney: _____     Date: _____



The way car buying should be.

12800 Tuckahoe Creek Parkway • Richmond, VA 23238
carmax.com®