**EXHIBIT A-2**

**2022 DRRP**

# DISPUTE RESOLUTION RULES AND PROCEDURES

**Last Revised
December 31, 2022**

# DISPUTE RESOLUTION RULES AND PROCEDURES

**Last Revised
December 31, 2022\***

---

\* Pursuant to the procedures described in Rule 20 below, this date of last revision applies to all Associates as of December 31, 2022. This date of last revision also applies to any individual who accepted an offer of employment on or after December 31, 2022, because they received and agreed to these identical CarMax Dispute Resolution Rules and Procedures as a condition of employment. Any individual who accepted an offer of employment between November 27, 2022 and December 30, 2022 also received and agreed to these identical CarMax Dispute Resolution Rules and Procedures as a condition of employment.

# CARMAX DISPUTE RESOLUTION RULES AND PROCEDURES

### Rule 1: PURPOSE

CarMax has established an employment dispute resolution procedure, culminating in formal arbitration, that is designed to provide a fair, private, exclusive, expeditious, final, and binding means for resolving legal disputes arising out of, or relating to, employment with CarMax, without the need for litigation in federal, state or local courts. These Dispute Resolution Rules and Procedures govern arbitrations held pursuant to the CarMax Dispute Resolution Agreement, whether brought by an Associate or by CarMax. The term "Associate" includes applicants, employees, and former employees. These Dispute Resolution Rules and Procedures are written to guide an Associate through the arbitration process; however, they apply with full force and effect to both Associates and CarMax.

### Rule 2: CLAIMS SUBJECT TO ARBITRATION

Except as otherwise limited herein, any and all employment-related legal disputes, controversies or claims arising out of, or relating to, an Associate's application or candidacy for employment (including any background check process) and employment and/or cessation of employment or relationship with CarMax or one of its affiliates, any claims relating to wages, overtime, or other compensation; working conditions; independent contractor or overtime exemption status; discrimination, harassment, or retaliation; civil penalties arising from any legal violations that an Associate personally suffered; breach of express or implied contract or fiduciary duty; negligence or other tort; or violation of any federal, state, or local law, shall be settled exclusively by final and binding arbitration before a neutral Arbitrator selected in accordance with these Dispute Resolution Rules and Procedures. Arbitration shall apply to any and all such disputes, controversies, or claims whether asserted against CarMax and/or against any employee, officer, alleged agent, director or affiliate company.

Except as otherwise provided herein, all previously unasserted claims arising under federal, state or local statutory, or common law, shall be subject to arbitration. Merely by way of example, these claims include, but are not limited to, claims arising under the Age Discrimination in Employment Act (ADEA), Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, the Americans with Disabilities Act (ADA), the Fair Labor Standards Act (FLSA), 42 U.S.C. § 1981, as amended, the Employee Polygraph Protection Act, the Employee Retirement Income Security Act (ERISA), state discrimination statutes, state statutes and/or common law regulating employment termination, the law of contract or the law of tort; including, but not limited to, claims for malicious prosecution, wrongful discharge, wrongful arrest/wrongful imprisonment, and intentional/negligent infliction of emotional distress or defamation.

Nothing herein is intended to affect or limit the Associate's right to file an administrative charge with, or to otherwise seek relief from, any government agency, including, but not limited to, the Equal Employment Opportunity Commission or the National Labor Relations Board.

Claims by Associates for state employment insurance benefits (e.g., unemployment compensation, workers' compensation, worker disability compensation), claims arising under the National Labor Relations Act, or any claims or disputes by whistleblowers arising pursuant to the Sarbanes-Oxley Act and alleging unlawful retaliation or seeking other relief pursuant to that Act, shall not be subject to arbitration. Other statutory or common law claims alleging that CarMax retaliated or discriminated against an Associate, however, shall be subject to arbitration. Claims for sexual assault or sexual harassment as those terms are defined in the Federal Arbitration Act shall not be subject to arbitration, unless at the election of the Associate.

For purposes of this Rule, claims against "CarMax" shall include claims against any parent company, subsidiary, or related company, claims against any officer, director, or associate (current or former), and claims against any alleged joint employer.

**Rule 3: DISMISSAL/STAY OF COURT PROCEEDINGS**

By agreeing to the Dispute Resolution Program, both CarMax and the Associate agree to resolve through arbitration all claims described in, or contemplated by, Rule 2. If either Party files a lawsuit in court to resolve claims subject to arbitration, both Parties agree that the Court shall dismiss the lawsuit and require the Parties to arbitrate the dispute.

If either Party files a lawsuit in Court involving claims which are, and other claims which are not, subject to arbitration, both Parties agree that the court shall stay litigation of the nonarbitrable claims and require that arbitration take place with respect to those claims subject to arbitration. The Parties further agree that the Arbitrator's decision on the arbitrable claims, including any determinations as to disputed factual or legal issues, shall be entitled to full force and effect in any later court lawsuit on any nonarbitrable claims.

**Rule 4: COMMENCEMENT OF ARBITRATION**

a.   PROCEDURE

An Associate shall commence an arbitration by completing and sending the attached CarMax Arbitration Request Form to:

Arbitration Coordinator
CarMax Auto Superstores, Inc.
12800 Tuckahoe Creek
Parkway Richmond, VA 23238

b.   TIME LIMITS

   i.   FILING OF REQUEST FOR ARBITRATION

   The CarMax Arbitration Request Form shall be submitted no later than the applicable statute of limitations for the asserted claims under the applicable law. The failure of an Associate to initiate an arbitration within the applicable statute of limitations shall constitute a **waiver** with respect to that dispute relative to that Associate.

   ii.   CARMAX'S RESPONSE

   Within twenty-one (21) calendar days of receipt of an Associate's Arbitration Request Form, CarMax shall send CarMax's Response to the Associate via first-class mail, postage prepaid, or hand delivery.

c.   NOTICE/OTHER FILINGS

All other communications, notices or filings, including discovery requests and responses, shall be in writing, and shall be deemed to have been given if (i) delivered by hand to a person of suitable age and discretion; or (ii) mailed first-class mail, postage prepaid, as follows:

If to CarMax:
   (i)   Arbitration Coordinator
         CarMax Auto Superstores, Inc.

         12800 Tuckahoe Creek Parkway

         Richmond, VA 23238; or
   (ii)  to CarMax's attorney as designated in writing by CarMax.

If to the Associate:
   (iii) to the Associate's address of record as it appears on the Arbitration Request Form; or
   (iv)  to the Associate's attorney as designated in the Arbitration Request Form or later designated in writing by the Associate.

**Rule 5: SELECTION OF AN ARBITRATOR**
CarMax and the Associate shall participate equally in the selection of an Arbitrator to decide the arbitration. Within twenty-one (21) calendar days after CarMax receives the Associate's Arbitration Request Form, National Arbitration and Mediation (NAM) or other Arbitrator and/or Arbitration Service, such as the American Arbitration Association, as may be agreed to by the Parties, shall be asked to provide a panel of seven (7) neutral arbitrators with experience deciding employment disputes. If CarMax and the Associate cannot agree upon an Arbitration Service, then either NAM or AAA shall be used, with the final selection being determined by coin toss performed by CarMax. Once an Arbitration Service is selected, CarMax and the Associate then shall have the opportunity to review the background of the arbitrators by examining the materials provided by the Arbitration Service. Within seven (7) calendar days after the panel composition is received, the Associate and CarMax each shall inform the Arbitration Service which arbitrators the Parties find unacceptable for deciding the dispute. The Arbitration Service then will appoint an Arbitrator from among the named individuals the Parties found acceptable. If all arbitrators on the first panel furnished by the Arbitration Service are stricken by the Parties as unacceptable for deciding the dispute, the Arbitration Service is authorized to furnish an additional panel, from which each party may strike up to three (3) arbitrators. The Parties must provide their responses to the additional panel within seven (7) calendar days to the Arbitration Service after the additional panel composition is received. The Arbitration Service will then appoint an arbitrator from the remaining names.

**Rule 6: PRE-HEARING PROCEDURES; TIME AND PLACE OF ARBITRATION**
a.  Following appointment of the Arbitrator, the Arbitrator shall promptly hold an initial prehearing conference with the parties. The purpose of the initial pre-hearing conference shall be, among other things, for the Arbitrator to set deadlines for: (1) adding or amending claims and/or parties to the arbitration, (2) any dispositive motions, opposition briefs, and reply briefs thereto, and (3) the date of any motion hearings, and the timing of the Arbitrator's ruling on any dispositive motions. Following the initial pre-hearing conference, the Arbitrator shall promptly issue a Scheduling Order to the parties setting the deadlines above, as well as any other deadlines required by these Dispute Resolution Rules and Procedures or the Arbitrator. The parties may mutually consent to amend the Scheduling Order, subject to approval by the Arbitrator. If the parties do not mutually consent to amend the Scheduling order, upon the request of any Party and a showing of **good cause,** the Arbitrator may permit amendment to the Scheduling Order. In ruling on a request to amend the Scheduling Order for good cause, the Arbitrator shall be guided by the Federal Rules of Civil Procedure.

b.  The arbitration hearing shall be held at the offices of, or a location selected by, the Arbitration Service in the city nearest the location where the Associate was or sought to be employed with CarMax, unless the Parties agree otherwise. If the Arbitration Service does not select an arbitration location within fifty (50) miles of the city of the Associate's last employment with CarMax, the Associate and CarMax shall designate a mutually amenable location at which to hold the arbitration.

c.  The Parties and the Arbitrator shall make every effort to ensure that the arbitration is completed, and an award rendered, as soon as possible. There shall be no extensions of time or delays of an arbitration hearing except in cases where both Parties consent to the extension or delay, or where the Arbitrator finds such a delay or extension necessary to resolve a discovery dispute or other matter relevant to the arbitration.

**Rule 7: REPRESENTATION**
Both the Associate and CarMax shall have the right to be represented by counsel.

**Rule 8: DISCOVERY**
a.  INITIAL DISCLOSURE
   Within fourteen (14) calendar days following the appointment of an Arbitrator, the Parties shall provide each other with copies of all documents (except for privileged documents that are protected from disclosure because they involve attorney-client, doctor-patient or other legally

privileged or protected communications or materials) upon which they rely in support of their claims or defenses. Throughout the discovery phase, each Party is under a continuing obligation to supplement its initial disclosure.

b. OTHER DISCOVERY
   i. INTERROGATORIES/DOCUMENT REQUESTS
      Each Party may propound up to twenty (20) interrogatories (including subparts) to the opposing Party. Interrogatories are written questions asked by one Party to the other, who must answer under oath. Such interrogatories may include a request for all documents upon which the responding Party relies in support of its answers to the interrogatories. Answers to interrogatories must be served within twenty-one (21) calendar days of receipt of the interrogatories.

   ii. DEPOSITIONS
      A deposition is a statement under oath that is given by one Party in response to specific questions from the other Party and usually is recorded or transcribed. Each Party shall be entitled to take the deposition of up to three (3) individuals of the Party's choosing. The Party taking the deposition shall be responsible for all costs associated therewith, such as the cost of a court reporter and the cost of a transcript.

   iii. THIRD PARTY DISCOVERY
      The Arbitrator shall have the specific authority to issue subpoenas to third parties and to order and compel third-party discovery consistent with the methods of doing so under the Federal Rules of Civil Procedure.

   iv. ADDITIONAL DISCOVERY
      Upon the request of any Party and a showing of **good cause,** the Arbitrator may permit additional discovery; but only if the Arbitrator finds that such additional discovery is not overly burdensome, and will not unduly delay conclusion of the arbitration.

c. DISCOVERY DISPUTES
   The Arbitrator shall decide all disputes related to discovery. Such decisions shall be final and binding on the Parties. In ruling on discovery disputes, the Arbitrator shall be guided by the discovery rules contained in the Federal Rules of Civil Procedure.

d. TIME FOR COMPLETION OF DISCOVERY
   All discovery must be completed within the ninety (90) calendar days after the selection of the Arbitrator, except for good cause shown or by mutual consent of the Parties, subject to approval by the Arbitrator. In order to expedite the arbitration, the Parties may initiate discovery prior to the appointment of the Arbitrator.

**Rule 9: HEARING PROCEDURE**
a. WITNESSES
   Witnesses shall testify under oath, and the Arbitrator shall afford each Party a sufficient opportunity to examine its own witnesses and cross-examine witnesses of the other Party. Either Party may issue subpoenas compelling the attendance of any person necessary for the issuing Party to prove its case.
   i. SUBPOENAS
      A subpoena is a command to an individual to appear at a certain place and time in order to provide testimony. A subpoena also may require that the individual bring documents when he or she gives testimony. The Arbitrator shall have the authority to enforce and/or cancel such subpoenas provided that such subpoenas are issued no less than ten

(10) calendar days prior to the commencement of an arbitration hearing or deposition. The Party issuing the subpoena shall be responsible for the fees and expenses associated with the issuance and enforcement of the subpoena, and with the attendance of the subpoenaed witness at the arbitration hearing.

  ii. SEQUESTRATION

The Arbitrator shall ensure that all witnesses who will testify at the arbitration are not influenced by the testimony of other witnesses. Accordingly, the Arbitrator may sequester all witnesses who will testify at the arbitration, provided that the Arbitrator shall permit the Associate bringing the arbitration and CarMax's designated representative to remain throughout the arbitration, even though they may or may not testify at the hearing.

b. EVIDENCE

The Parties may offer evidence that is relevant and material to the dispute and shall produce any and all nonprivileged evidence which the Arbitrator deems necessary to render a determination of the dispute. The Arbitrator need not specifically follow the Federal Rules of Evidence, although these rules may be consulted to resolve questions regarding the admissibility of particular matters.

c. BURDEN OF PROOF

For the Associate to prevail, the Associate must prove that CarMax's conduct with respect to the Associate was a violation of applicable law. For CarMax to prevail on any claims asserted against an Associate, CarMax must prove that the Associate's conduct was violation of applicable law.

d. BRIEFING

Each Party shall have the opportunity to submit one pre-hearing brief and one post-hearing brief, which is a written statement of facts and law, in support of its position. Briefs shall be typed and shall be limited in length to twenty (20) double-spaced pages.

Pre-hearing briefs may be submitted no later than ten (10) calendar days prior to a scheduled arbitration hearing. Post-hearing briefs may be submitted no later than twenty (20) calendar days after the Parties receive the transcript of the arbitration from the court reporting service. Post-hearing briefs shall be submitted *ex parte* to the Arbitrator. Following the Arbitrator's *ex parte* receipt of post-hearing briefs from each party, the Arbitrator shall promptly provide copies of both briefs to the parties.

e. TRANSCRIPTION

The Parties may arrange for transcription of the arbitration by a certified reporter. The Parties shall share evenly the costs of the reporter and transcription.

f. CONSOLIDATION

  i. CLAIMS

CarMax and the Associate are required to bring all existing claims subject to arbitration in one arbitration proceeding. Any such claims not brought in one arbitration shall be waived and precluded. The Arbitrator shall have the power to hear as many individual claims as an Associate and CarMax may have against each other consistent with Rule 2 of these Dispute Resolution Rules and Procedures.

  ii. INDIVIDUALIZED ARBITRATION AND CLASS ACTION WAIVER

To the maximum extent permitted by law, (a) the arbitrator is prohibited from consolidating the claims of others (Associates or otherwise) into one proceeding or fashioning a proceeding as a class, collective, joint, or group action or as a representative action involving claims of or

legal violations suffered by one or more other claimants (collectively, "Class Action") or awarding relief to, on behalf of, or based on the claims of or legal violations suffered by multiple claimants or individuals in one proceeding, and (b) the parties waive any right to proceed in a Class Action, provided that (x) any dispute concerning the scope or validity of this paragraph shall be decided by a court of competent jurisdiction and not the arbitrator, and (y) should a court determine this prohibition on Class Actions is invalid for any claims for any reason, the parties waive any right to arbitration of a Class Action for those claims (although any portion of the Class Action Waiver that is enforceable shall be enforced in arbitration) and instead agree, to the maximum extent permitted by law, to and stipulate that such claims will be heard only by a judge, and not an arbitrator or jury, after the parties arbitrate any claims subject to the Dispute Resolution Agreement and these Dispute Resolution Rules and Procedures.

iii. NO JOINDER OF NON-ARBITABLE CLAIMS
To the maximum extent permitted by law, the arbitrator is prohibited from joining any claims based on alleged legal violations suffered by other individuals or awarding relief to, on behalf of, or based on the claims of or legal violations suffered by other individuals under the California Private Attorneys General Act or any similar statute in any state, provided that (x) any dispute concerning the scope or validity of this paragraph shall be decided by a court of competent jurisdiction and not the arbitrator, and (y) should a court determine this prohibition on joinder is invalid for any claims for any reason, the parties waive any right to arbitration of those claims and instead agree and stipulate that such claims will, to the maximum extent permitted by law, be heard only by a judge, and not an arbitrator or jury, after the parties arbitrate any claims subject to the Dispute Resolution Agreement and these Dispute Resolution Rules and Procedures.

g. CONFIDENTIALITY
During the course of and following an arbitration pursuant to these Dispute Resolution Rules and Procedures, the information exchanged between the parties and/or presented to the Arbitrator, including the hearing, the award, and any record of the proceeding, shall be kept confidential by the Parties and participants and shall not be disclosed to the public, except (i) to the extent both Parties agree otherwise in writing; (ii) as may be appropriate in any subsequent proceeding between the Parties, (iii) as may otherwise be appropriate in response to a governmental agency or legal process, or (iv) to the extent applicable state law (if not preempted by federal law) or applicable federal law specifically prohibits such confidentiality.

## Rule 10: SUBSTANTIVE CHOICE OF LAW

The Arbitrator shall apply the substantive law of the State in which the Associate is, was or sought to be predominantly employed. For claims arising under federal law, the Arbitrator shall follow the substantive law applicable to the United States District Court for the district in which the Associate is or was predominantly employed.

## Rule 11: ARBITRATOR AUTHORITY

The Arbitrator shall, at the outset of any arbitration, agree to conduct the arbitration and to render a decision in accordance with the Dispute Resolution Agreement, these Dispute Resolution Rules and Procedures, and/or any judicial order enforcing them. Should the Arbitrator refuse to agree to conduct the Arbitration pursuant to the Dispute Resolution Rules and Procedures, Dispute Resolution Agreement, and/or any applicable judicial order, the Arbitrator shall be obliged to withdraw from the arbitration and the Parties shall select a new arbitrator pursuant to Rule 5 of these Dispute Resolution Rules and Procedures. If the Arbitrator refuses to withdraw, the Parties or either of them, may seek an order from the court removing the Arbitrator and compelling the Parties to select a new Arbitrator pursuant to Rule 5 of these Dispute Resolution Rules and Procedures.

The Arbitrator shall have the authority to consider and rule on dispositive motions such as motions to dismiss or motions for summary judgment in accordance with the standards and burdens generally applicable to such motions in federal district court and may establish appropriate procedures to

resolve such motions, at the Arbitrator's discretion, consistent with the less formal and expedited nature of arbitration proceedings. Seven (7) days prior to the scheduled arbitration hearing, the Parties shall participate in a telephone conference with the Arbitrator. Where a Party has challenged the legal sufficiency of an asserted claim or defense in a prehearing brief, each Party may be heard. A Party making such a challenge should file the pre-hearing brief as early as possible to permit due consideration of the issue. The Arbitrator shall strike any legally deficient claim and/or defense by ruling communicated to the Parties pursuant to the deadline set by the Scheduling Order for ruling on any dispositive motions.

a. JURISDICTION
The Arbitrator's authority shall be limited to deciding the claims, counterclaims, and defenses submitted for arbitration. Unless the Associate is subject to a contract providing for the employment of the Associate under specified terms or for a given duration, the Associate's employment remains alterable at the discretion of CarMax and/or terminable at any time, at the will of either the Associate or CarMax, with or without just cause. Accordingly, the Arbitrator shall have no authority to require that CarMax have "just cause" to discipline or to discharge an Associate or to change the terms and conditions of employment of an Associate, unless specifically required by federal, state or local law, or as a remedy for a violation of applicable law by CarMax with respect to the Associate.

b. SANCTIONS
The Arbitrator shall have the power to award sanctions against a Party for the Party's failure to comply with these Dispute Resolution Rules and Procedures or with an order of the Arbitrator. These sanctions may include assessment of costs, prohibitions of evidence, or, if justified by a Party's wanton or willful disregard of these Dispute Resolution Rules and Procedures, an adverse ruling in the arbitration against the Party who has failed to comply.

**Rule 12: AWARD**
Within twenty-one (21) calendar days after receipt of any post-hearing briefs, the Arbitrator shall render a decision in the form of a written award and send to the parties a copy of the written award specifying appropriate remedies, if any. In the Arbitrator's discretion, the award may include findings of fact and conclusions of law.

**Rule 13: FEES AND EXPENSES**
a. COSTS OTHER THAN ATTORNEY FEES
  i. Definitions
   Costs of arbitration include filing or administrative fees charged by the Arbitration Service, hourly fees charged by the Arbitrator, and expenses of renting a room in which the arbitration is held. Incidental costs include such items as photocopying or the costs of producing witnesses or proof.

  ii. Costs of Arbitration
   CarMax shall pay the costs of arbitration, excluding incidental costs. Costs related to preparation of the hearing transcript, if any, shall be subject to the provisions of Rule 9(e) above.

b. ATTORNEY FEES
  The Arbitrator is authorized to award attorney fees in accordance with applicable law. In the absence of an award, each Party shall be liable for its own attorney fees. Any award shall be reasonable in light of the amount and complexity of work involved in the arbitration, and in accordance with customary billing rates of attorneys in the geographic area in which the arbitration is held.

### Rule 14: REMEDIES AND DAMAGES
If the Arbitrator finds for the Associate, the Arbitrator, in his discretion, may award appropriate relief in accordance with applicable law. If appropriate relief includes reinstatement, such reinstatement will be to the position of employment the Associate held or, if such reinstatement is impractical, to a comparable position at the location of the Associate's last employment. If reinstatement at the place of the Associate's last employment is not practical, reinstatement will be to a comparable position at CarMax in the same general geographic market area.

### Rule 15: OFFER OF JUDGMENT
Either party may serve an Offer of Judgment on the other party in accordance with the procedures detailed in the Federal Rules of Civil Procedure. The party serving the Offer of Judgment shall be entitled to all rights and relief afforded under the Federal Rules of Civil Procedure for accepted and unaccepted offers.

### Rule 16: SETTLEMENT
The Parties may settle their dispute at any time. At any point prior to the Arbitrator's issuance of an award, the Parties may, by agreement, refer their dispute to mediation before a mediator provided by the Arbitration Service. All settlement negotiations, mediations, and the results thereof shall be confidential. Nothing in this section shall be construed to restrict the right of an attorney to practice law.

### Rule 17: ENFORCEABILITY
The Dispute Resolution Agreement and any award rendered pursuant to it shall be enforceable and subject to the Federal Arbitration Act, 9 U.S.§ 1, et seq., and the Uniform Arbitration Act of Virginia, §§8.01-581.01 et seq., regardless of the State in which the arbitration is held or the substantive law applied in the arbitration. The Associate and CarMax acknowledge that the Associate's employment with CarMax and the Dispute Resolution Agreement involve interstate commerce and that the Federal Arbitration Act is controlling.

### Rule 18: APPEAL RIGHTS
The award rendered by the Arbitrator shall be final and binding as to both the Associate and CarMax. Either party may appeal the Arbitrator's decision to a court in accordance with the appeal procedures of the Federal Arbitration Act, 9 U.S.C. § 1 et seq., or the Uniform Arbitration Act of Virginia, §§8.01-581.01 et seq.

### Rule 19: SEVERABILITY/CONFLICT WITH LAW
In the event that any of these Dispute Resolution Rules and Procedures agreed upon by the Parties is held to be in conflict with a mandatory provision of applicable law, the conflicting Rule or Procedure shall be modified automatically to comply with the mandatory provision of applicable law until such point as these Dispute Resolution Rules and Procedures may be modified in accordance with Rule 20 below. In the event of an automatic modification with respect to a particular Rule or Procedure, the remainder of these Rules and Procedures shall not be affected. An automatic modification of one of these Rules or Procedures shall be applicable only in the jurisdiction in which it is in conflict with a mandatory provision of law. In all other jurisdictions, these Dispute Resolution Rules and Procedures shall apply in full force and effect.

### Rule 20: TERMINATION OR MODIFICATION OF DISPUTE RESOLUTION AGREEMENT OR DISPUTE RESOLUTION RULES AND PROCEDURES
CarMax may modify or terminate the Agreement and these Dispute Resolution Rules and Procedures on December 31 of any year upon giving thirty (30) calendar days written notice to Associates, provided that all claims accrued or arising before modification or termination shall be subject to the Agreement and corresponding Dispute Resolution Rules and Procedures in effect at the time said claims accrued or arose, to the maximum extent permitted by law. Otherwise, all claims shall be subject to the Rules in effect at the time the Arbitration Request Form is received by CarMax. Notice may be given by posting a written notice by December 1 of each year at all CarMax locations (including locations of affiliated companies). A copy of the modified Agreement or Dispute Resolution Rules and Procedures will be published and available in the CarMax Dispute Resolution Handbook (which is available on the CarMax Way intranet system) and

through the CarMax Online Employment Application after December 31 of each year.

### Rule 21a.: MASS ARBITRATION PROTOCOL/INDIVIDUAL ARBITRATIONS OF COORDINATED CLAIMS (NON-CALIFORNIA)

If 20 or more individuals seek to initiate arbitrations with CarMax raising similar claims, and counsel for the individuals bringing the claims are the same or coordinated or the claims are otherwise coordinated ("Mass Claims"), these additional procedures shall apply. Claims are similar for purposes of this paragraph if they arise out of similar factual scenarios and raise similar legal issues. Associate understands and agrees that if Associate chooses to initiate Associate's claim as part of Mass Claims, the adjudication of Associate's claim may be delayed. Counsel for the individuals initiating Mass Claims and counsel for CarMax shall each select up to five arbitration proceedings (per side) to be filed in and proceed in arbitration in bellwether proceedings to be resolved individually, with each arbitration proceeding assigned to a different arbitrator. In the meantime, no other arbitration proceeding of Mass Claims may be filed or deemed filed in arbitration, neither the arbitration administrator (if any) nor any arbitrator is authorized to accept or administer arbitrations commenced in violation of these procedures, and no arbitration costs or fees shall be due other than for those arbitration proceedings selected by the parties to proceed as bellwether proceedings. If the parties are unable to resolve the remaining Mass Claims after the conclusion of the above bellwether proceedings, each side may select up to five additional arbitration proceedings (per side) to be filed in and proceed in arbitration in a second set of bellwether proceedings to be resolved individually, with each arbitration proceeding assigned to a different arbitrator. This process shall continue consistent with this staged process of administering and moving forward a maximum of ten individual arbitration proceedings at a time until the parties are able to resolve all of the Mass Claims, either through settlement or individual arbitration. If these additional procedures apply to Associate's claim, any applicable statute of limitations shall be tolled from the date Associate provides written notice to CarMax that Associate is asserting a legal claim against CarMax that is a Mass Claim. Any party shall be authorized to designate and rely on written discovery responses or deposition testimony from one such proceeding in other such proceedings in lieu of responding to substantially similar discovery requests in substantially similar proceedings. A court shall have the authority to enforce these mass arbitration procedures and, if necessary, to enjoin the filing, prosecution, or administration of arbitration proceedings. This Rule 21.a. shall only apply to arbitrations or legal actions commenced outside of the State of California.

### Rule 21b.: MASS ARBITRATION PROTOCOL/INDIVIDUAL ARBITRATIONS OF COORDINATED CLAIMS (CALIFORNIA)

If 20 or more individuals seek to initiate arbitrations with CarMax in California raising similar claims, and counsel for the individuals bringing the claims are the same or coordinated or the claims are otherwise coordinated ("Mass Claims"), these additional procedures shall apply. Claims are similar for purposes of this paragraph if they arise out of similar factual scenarios and raise similar legal issues. Associate understands and agrees that if Associate chooses to initiate Associate's claim as part of Mass Claims, the adjudication of Associate's claim may be delayed. Counsel for the individuals initiating Mass Claims and counsel for CarMax shall each select up to five arbitration proceedings (per side) ("Initial Bellwether Arbitrations") to be filed in and proceed in arbitration in bellwether proceedings to be resolved individually, with each arbitration proceeding assigned to a different arbitrator. The arbitration provider shall immediately provide an invoice for any fees and costs required before the Initial Bellwether Arbitrations can proceed. Said invoices shall be provided to all of the parties to the arbitration, recognizing that pursuant to Rule 13.a.ii, CarMax shall pay the costs of arbitration, excluding incidental costs. The invoice for the Initial Bellwether Arbitrations shall state the full amount owed and the date that payment is due, and shall be sent to all parties by the same means on the same day. The arbitration provider shall issue all invoices for the Initial Bellwether Arbitrations to the parties as due within 30 days of the date of receipt of the invoice.

As for other remaining arbitration proceedings of Mass Claims ("Non-Bellwether Claims"), they may also be filed or deemed filed in arbitration. The arbitration provider shall immediately provide an invoice for any fees and costs required to commence the Non-Bellwether Claims. These invoices shall be provided to all of the parties to each of the arbitrations for the Non-Bellwether Claims, recognizing that pursuant to Rule 13.a.ii, CarMax shall pay the costs of arbitration ("Initial Fees"), excluding incidental costs. The invoices

for each arbitration of the Non-Bellwether Claims shall state the full amount of the Initial Fees owed and **shall expressly state that the payment is not due and payable until 730 days after the date the invoice is sent to CarMax by the arbitration provider in regard to each Non-Bellwether Claim.** The Parties agree that no proceedings shall commence related to Non-Bellwether Claims until after the invoiced costs and fees for such claims have been paid.

Each side may, within 30 days after the conclusion all of the Bellwether Arbitrations (by final award or settlement), select up to five additional arbitration proceedings (per side) to be filed in and proceed in arbitration in a second set of bellwether proceedings ("Subsequent Bellwether Proceedings") to be resolved individually, with each arbitration proceeding assigned to a different arbitrator. The arbitration provider shall, upon receipt of the designation of the Subsequent Bellwether Proceedings, immediately provide a revised invoice ("Revised Invoice") for any fees and costs required before the Subsequent Bellwether Arbitrations can proceed to all of the parties to the arbitration, recognizing that pursuant to Rule 13.a.ii, CarMax shall pay the costs of arbitration, excluding incidental costs. The invoice for the Subsequent Bellwether Arbitrations shall state the full amount owed and the date that payment is due, and shall be sent to all parties by the same means on the same day. The arbitration provider shall issue all invoices for the Subsequent Bellwether Arbitrations to the parties as due within 30 days of receipt of the Revised Invoice. This process shall continue consistent with this staged process of administering and moving forward a maximum of ten individual arbitration proceedings and the arbitrator sending Revised Invoices (following the selection of new Subsequent Bellwether Proceedings) as provided in this Rule, at a time until the parties are able to resolve all of the Mass Claims, either through settlement or individual arbitration. If these additional procedures apply to Associate's claim, any applicable statute of limitations shall be tolled from the date Associate provides written notice to CarMax that Associate is asserting a legal claim against CarMax that is a Mass Claim. Any party shall be authorized to designate and rely on written discovery responses or deposition testimony from one such proceeding in other such proceedings in lieu of responding to substantially similar discovery requests in substantially similar proceedings. A court shall have the authority to enforce these mass arbitration procedures and, if necessary, to enjoin the filing, prosecution, or administration of arbitration proceedings. This Rule 21.b. shall only apply to arbitrations or legal actions commenced in the State of California.



**The way car buying should be.**

12800 Tuckahoe Creek Parkway • Richmond, VA 23238
carmax.com

Dispute Resolution Agreement

# CarMax Dispute Resolution Agreement

If you wish to be considered for employment with CarMax Auto Superstores, Inc., or any of its affiliated entities

(collectively "CarMax"), you must read and consent to the following agreement. "CarMax" refers to CarMax's parents, subsidiaries, affiliates, divisions, brands, successors, assigns, alleged agents, alleged joint or co-employers, and alleged joint ventures, and their respective directors, officers, employees, and agents, whether current, former, or future.

I recognize that differences may arise between CarMax and me during my application for employment with CarMax. I recognize that it is in the interest of both CarMax and me that disputes be resolved in a manner that is fair, private, expeditious, economical, final, and less burdensome or adversarial than court litigation. CarMax has an effective Open Door Policy, and I will try to take advantage of it where feasible. I understand, however, that not all issues can be resolved using the Open Door Policy.

Except as set forth below, and as more fully set forth in the CarMax Dispute Resolution Rules and Procedures, a copy of which have been provided to me above, both CarMax and I agree to settle any and all previously unasserted claims, disputes, or controversies arising out of or relating to my application or candidacy for employment (including any background check process) and employment and/or cessation of employment or other relationship with CarMax, any claims relating to wages, overtime, or other compensation; working conditions; independent contractor or overtime exemption status; discrimination, harassment, or retaliation; civil penalties arising from any legal violations that I personally suffered; breach of express or implied contract or fiduciary duty; negligence or other tort; or violation of any federal, state, or local law, exclusively by final and binding arbitration before a neutral Arbitrator. By way of example only, and except as provided herein, such claims include claims under federal, state and local statutory or common law, such as the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, the Americans with Disabilities Act, the Family Medical Leave Act, and the law of contract and law of tort. The scope of the claims covered, as well as certain exclusions from coverage and other important terms, are set forth in the Dispute Resolution Rules and Procedures.

I understand that if I do file a lawsuit regarding a dispute arising out of or relating to my application or candidacy for employment, employment, or cessation of employment, CarMax may use this Agreement in support of its request to the court to dismiss the lawsuit and require me instead to use arbitration.

I understand that nothing in this Dispute Resolution Agreement ("DRA") is intended to (1) require arbitration of any claims whose resolution in arbitration is prohibited by federal law or by state law not preempted by federal law or (2) limit my rights under the National Labor Relations Act and my right to file charges or seek other relief with the Equal Employment Opportunity Commission or similar federal, state, or local agency, but that upon receipt of a right-to-sue letter or similar administrative determination, I shall arbitrate any claim that I may have against CarMax that is covered by this DRA or the Dispute Resolution Rules and Procedures. I further understand that nothing in this DRA is intended to require arbitration of claims for sexual assault or sexual harassment as those terms are defined in the Federal Arbitration Act, unless I elect to pursue those claims in arbitration.

Separate from and in addition to my agreement to arbitrate, and to the maximum extent permitted by law, I and CarMax agree that should I decide to bring any claims that relate to a sexual harassment or sexual assault dispute, as those terms are defined in the Federal Arbitration Act, and I do not elect to pursue those claims in arbitration, the following shall apply: (1) all claims other than a sexual harassment or sexual assault claim shall be presented in (or if not presented in, severed into) a separate proceeding from the sexual harassment or sexual assault claims; (2) those claims that do not relate to a sexual harassment or sexual assault dispute and are subject to arbitration under the DRA shall be governed by and proceed with individual arbitration under the DRA, it being the express intent of the parties to allow for individual arbitration of claims to the maximum extent possible; and (3) if a party brings claims subject to arbitration under the DRA and claims that are not subject to arbitration, the latter shall be stayed until the former are fully arbitrated.

I understand that neither this DRA nor the Dispute Resolution Rules and Procedures form a contract of employment between CarMax and me. I further understand that my consent to this DRA in no way guarantees that CarMax will offer me employment. If CarMax does offer me employment and I become employed at CarMax, this DRA in no way alters the "at-will" status of my employment. I understand that my employment, compensation, and terms and conditions of employment can be altered or terminated, with or without notice, at any time, at the option of either CarMax or myself. I understand that no store manager or representative of CarMax, other than an Officer of CarMax at the level of Vice President or above, has any authority to enter into any agreement for employment for any specific duration, to make any agreement contrary to the foregoing, or to alter the CarMax Dispute Resolution Rules and Procedures.

I understand that the Dispute Resolution Agreement and the Dispute Resolution Rules and Procedures affect my legal rights. By consenting to this Dispute Resolution Agreement, I acknowledge receipt of the Dispute Resolution Rules and Procedures. Accordingly, you may wish to seek legal advice before consenting to this Dispute Resolution Agreement.

## CarMax Dispute Resolution Agreement

I have read this Dispute Resolution Agreement and the Dispute Resolution Rules and Procedures, a copy of which have been provided to me above, before submitting this Application and before accepting an offer of employment with CarMax.

I understand that I may withdraw my consent to this Dispute Resolution Agreement within three (3) days from the date on which I consent by notifying the Background Screening Department in writing (including my Social Security Number and address of the place at which I applied for employment) that I am withdrawing my application for employment at CarMax. The address for the Background Screening Department is:

CarMax Auto Superstores, Inc. Background Screening
Department 12800 Tuckahoe Creek Parkway
Richmond, Virginia 23238

I understand that by so notifying the Background Screening Department in writing, I will not be bound to this Dispute Resolution Agreement and that I no longer will be eligible for employment at CarMax. I recognize that if I consent to this Dispute Resolution Agreement and do not withdraw within three days of consenting I will be required to arbitrate, as explained above, employment-related claims which I may have against CarMax, whether or not I become employed by CarMax.

This Agreement will be enforceable throughout the application process, my employment, and thereafter with respect to any such claims arising from or relating to my application or candidacy for employment, employment or cessation of employment with CarMax. I then must arbitrate all such employment-related claims that are within the scope of this Agreement and the Dispute Resolution Rules and Procedures, and I may not file a lawsuit in court. I agree that if I commence an arbitration, it will be conducted in accordance with the CarMax Dispute Resolution Rules and Procedures.

*Please indicate your consent to the CarMax Dispute Resolution Agreement by signing your legal first and last name in the box below.*

CarMax agrees to consider this Employment Application and to follow this Dispute Resolution Agreement and the Dispute Resolution Rules and Procedures in connection with the Associate who is completing this application.

Jill Kelly

**Vice President, Human Resources CarMax Auto Superstores, Inc.**



**-CONFIDENTIAL-**          **- CONFIDENTIAL-**

## ARBITRATION REQUEST FORM

(Please Print or Type) Name: _____

Telephone: _

Address of Record: _____
                Street                               City

                _____
                State                               Zip

Position:_____ Status (full or part time): _____

Date of Hire:_____ Date of Incident: _____

Store/Place of Employment: _____

Please state the dispute you wish to have decided by an Arbitrator. Please explain why you believe the Company's actions were unlawful and state the basis for your claim (e.g., discrimination on the basis of sex, race, religion, national origin, etc., retaliation for filing of workers' compensation claims or other.)

_____
_____
_____
_____
_____
_____

(Please attach additional sheets if necessary.)

Please list the names of any witnesses to the Company's alleged unlawful action.

_____
_____
_____

Internal Use Only

Please state how you would like your dispute with CarMax resolved.

_____
_____
_____
_____
_____
_____

(Please attach additional sheets if necessary)

If you will be represented by an attorney, please identify that person below.

_____
Name of Representative

_____
_____
Address

_____
Telephone

I hereby submit the above-described dispute for arbitration. I agree to accept the decision and award of the Arbitrator as final and binding as to all claims relating to my employment relationship with CarMax or its affiliate which have been or could have been raised under my Arbitration Agreement with CarMax. I understand that unless the Arbitrator rules otherwise, I will be responsible for the fees of my own attorney should I retain one and for all of my incidental costs, as set forth in Rule 13 of the CarMax Dispute Resolution Rules and Procedures.

SIGNED:

_____    _____
Associate        Date

_____    _____
Associate's Attorney    Date