# EXHIBIT B

# DECLARATION OF NOEL M. HERNANDEZ

Anthony L. Martin
Nevada Bar No. 8177
anthony.martin@ogletreedeakins.com
Noel M. Hernandez
Nevada Bar No. 13893
noel.hernandez@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W. Charleston Blvd.
Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800
Fax: 702.369.6888

*Attorneys for Defendant CarMax Auto Superstores, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| RUBEN MAYA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CARMAX AUTO SUPERSTORES, INC. and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No.: 2:24-cv-02388-GMN-NJK<br><br>**DECLARATION OF NOEL M. HERNANDEZ IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS AS TO PLAINTIFF RUBEN MAYA'S CLAIMS** |

I, Noel M. Hernandez, declare and testify as follows:

1. I am an attorney duly licensed to practice law in the State of Nevada and an attorney with Ogletree, Deakins, Nash, Smoak & Stewart, P.C., counsel for Defendant CarMax Auto Superstores, Inc. ("CarMax") in this matter. I am primarily responsible for handling this matter. I have personal knowledge of the matters contained herein, and if called, I could and would testify competently thereto.

2. Based on my review and understanding of the pleadings, correspondence, and documents in this case, on or around November 13, 2024, Plaintiff filed this litigation against CarMax. After receiving service of the summons and Complaint and on December 13, 2024, I advised Plaintiff's counsel, in writing, of the signed agreement to submit claims arising out of his

employment to binding arbitration, provided Plaintiff's counsel a copy of the DRA executed by Plaintiff and the applicable DRRP, and advised of the various state and federal courts that have upheld its DRA and DRRP. Attached, as **Exhibit B-1**, is a true and correct copy of the correspondence from me to Plaintiff's counsel dated December 13, 2024, enclosing a copy of Plaintiff's executed DRA and the applicable DRRP.

3. On December 19, 2024, I again reached out to Plaintiff's counsel to inquire whether Plaintiff had a chance to review the agreement and whether he was willing to stipulate to arbitration. Attached, as **Exhibit B-2**, is a true and correct copy of the correspondence from me to Plaintiff's counsel dated December 19, 2024.

4. On December 19, 2024, Plaintiff's counsel responded stating that the arbitration agreement was unenforceable without providing any further justification. Attached, as **Exhibit B-3**, is a true and correct copy of the correspondence from Plaintiff to CarMax dated December 19, 2024.

5. On December 19, 2024, I responded to Plaintiff's counsel asking for any authority to support their assertion that the arbitration is unenforceable. I informed them that I was happy to review and any relevant authorities they can provide before we were forced to file CarMax's motion to compel arbitration. Attached, as **Exhibit B-4**, is a true and correct copy of the correspondence from me to Plaintiff's counsel dated December 19, 2024.

6. Instead of engaging in the meet and confer process and providing relevant authorities for their refusal to stipulate to arbitration, on December 20, 2024 at 4:25 a.m., Plaintiff's counsel responded "Why do you ask? I am sure an august employer's firm like yours is well aware of the turning tide with respect to arbitration agreements." Plaintiff's counsel failed to provide any further explanation as to their refusal to arbitrate. Attached, as **Exhibit B-5**, is a true and correct copy of the correspondence from Plaintiff's counsel to me dated December 20, 2024.

7. On December 20, 2024, I explained that providing authority will help CarMax understand Plaintiff's refusal to stipulate to arbitration since the only reason given was that the arbitration agreement is unenforceable. I further explained I am unclear why the arbitration agreement is unenforceable and would like to meet and confer prior to wasting judicial resources

1  and spending the time and expense to prepare motions when this can be easily resolved. Attached,
2  as **Exhibit B-6**, is a true and correct copy of the correspondence from me to Plaintiff's counsel
3  dated December 20, 2024.

4       8.      As of the date of this filing, Plaintiff's counsel has failed to provide any authority
5  for their position and continues to refuse to stipulate to arbitration.

6       9.      Because Plaintiff would not agree to arbitrate, CarMax was forced to file this
7  Motion to preserve its rights and compel Plaintiff to binding arbitration.

8  I declare under penalty of perjury under the laws of the United States of America that the
9  foregoing is true and correct.

10  Executed on this 27th day of December, 2024 in Las Vegas, Nevada.

                                         */s/ Noel M. Hernandez*
                                         Noel M. Hernandez

- 3 -