UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RUBEN MAYA,<br><br>　　　Plaintiff(s),<br><br>v.<br><br>CARMAX AUTO SUPERSTORES, INC.,<br><br>　　　Defendant(s). | Case No. 2:24-cv-02388-GMN-NJK<br><br>**Order**<br><br>[Docket No. 18] |

Pending before the Court is Defendant's motion to stay discovery pending resolution of its motion to compel arbitration. Docket No. 18; *see also* Docket No. 6 (motion to compel). Plaintiff filed a response in opposition. Docket No. 19.[1] The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to stay discovery is **GRANTED**.

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Discovery may be stayed when: (1) there is a pending motion that is potentially dispositive; (2) the underlying motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the underlying motion and finds that motion sufficiently meritorious to warrant a stay. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[2] When the underlying

---

[1] Counsel for both parties are reminded that **footnotes must be in 12-point font or larger**. Local Rule IA 10-1(a)(3).

[2] Defendant alternatively seeks a stay of discovery under the so-called "good cause" approach used by a minority of magistrate judges in this District. Docket No. 18 at 4, 6 (discussing *Schrader v. Wynn Las Vegas, LLC*, 2021 WL 4810324, at *4 (D. Nev. Oct. 14, 2021)). The undersigned has rejected that minority approach. *Flynn v. Nev.*, 345 F.R.D. 338, 347-51 (D. Nev. 2024).

motion is one seeking to compel arbitration, a stay is appropriate when the preliminary peek reveals that there is a reasonable possibility or probability that the district judge will compel arbitration. *Arik v. Meyers*, 2020 WL 515843, at *1 (D. Nev. Jan. 31, 2020) (citing *Shaughnessy v. Credit Acceptance Corp. of Nev., Inc.*, 2007 WL 9728688, at *2-3 (D. Nev. Nov. 28, 2007)). Courts frequently stay discovery pending resolution of a motion to compel arbitration. *Mahamedi IP Law, LLP v. Paradice & Li, LLP*, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (collecting cases).

The Court finds each of the required elements met in this case. The motion to compel arbitration is potentially dispositive and can be decided without additional discovery.[3] Moreover, the Court's preliminary peek reveals that the motion is sufficiently meritorious to justify a stay of discovery.[4]

Accordingly, the motion to stay discovery is **GRANTED**. If the motion to compel is not granted, the parties must file a proposed joint discovery plan within 14 days of the issuance of that order.

IT IS SO ORDERED.

Dated: March 25, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] Although Plaintiff now argues that discovery is necessary to decide the pending motion to compel arbitration, *see, e.g.*, Docket No. 19 at 6-7, Plaintiff has already filed a response to the motion to compel that does not argue that discovery must be taken prior to resolution of that motion, Docket No. 14. As such, the Court is not persuaded that discovery is needed prior to resolution of the motion to compel arbitration. *See, e.g.*, *Blair v. Barrett Fin. Grp. LLC*, 2025 WL 69919, at *3 (D. Ariz. Jan. 10, 2025) (quoting *Ferrell v. AppFolio, Inc.*, 2024 WL 132223, at *2 (C.D. Cal. Jan. 8, 2024)).

[4] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to compel may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the pending motion to compel in this instance. Nonetheless, the undersigned has carefully reviewed the arguments presented in the motion to compel and subsequent briefing.